IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY WINFREY,<br><br>Defendant. | **ORDER GRANTING [70] MOTION FOR COMPASSIONATE RELEASE**<br><br>Case No. 2:03-cr-00241-DBB<br><br>District Judge David Barlow |

Before the court is the Motion for Compassionate Release[1] filed by the United States of America and the Director of the Federal Bureau of Prisons pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), seeking modification of the term of imprisonment of the defendant, Anthony Winfrey. As explained below, the court GRANTS the motion.

## BACKGROUND

On January 19, 2007, Defendant Anthony Winfrey pled guilty to violating 18 U.S.C. § 922(c)(1)(A)(I), Brandishing a Firearm During the Commission of a Crime of Violence.[2] On March 6, 2007, Mr. Winfrey was sentenced to 360 months of imprisonment with 60 months of supervised release.[3] On November 20, 2020, the United States of America and the Director of the Federal Bureau of Prisons moved for compassionate release.[4]

---

[1] ECF No. 70, filed November 20, 2020.

[2] *See* ECF No. 55.

[3] *See* ECF No. 57.

[4] ECF No. 70.

Mr. Winfrey was diagnosed in May 2020 with stage IV high-grade prostate cancer with metastatic disease. His condition is considered terminal with a potential life expectancy of eighteen (18) months or less. He is undergoing daily chemotherapy treatments. Mr. Winfrey's prison record demonstrates no disciplinary issues for the past ten (10) years. He also recently underwent a psychological exam that indicated his mental health status was low risk.

## ANALYSIS

18 U.S.C. § 3582(c)(1)(A)(i) provides that the court, upon motion of the Director of the Federal Bureau of Prisons, "may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment)" upon finding that "extraordinary and compelling reasons warrant such a reduction."

Here, the Director of the Federal Bureau of Prisons has moved to modify Mr. Winfrey's term of imprisonment. The court thus evaluates whether there are extraordinary and compelling reasons warranting a reduction of Mr. Winfrey's sentence and imposition of supervised release conditions. The court finds that the combination of Mr. Winfrey's terminal medical condition, limited life expectancy, ten-year span of no prison disciplinary action, and recent psychological exam indicating that his mental health status is low risk constitute extraordinary and compelling reasons.

The court concludes that these extraordinary and compelling reasons warrant a reduction in Mr. Winfrey's term of imprisonment and an imposition of supervised release with certain conditions, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).

## ORDER

IT IS ORDERED that the defendant's term of imprisonment is reduced to the time he has already served.

IT IS ORDERED that the defendant shall be released from the custody of the Federal Bureau of Prisons as soon as his medical condition permits, the release plan is implemented, and travel arrangements can be made.

IT IS ORDERED that upon his release from the custody of the Federal Bureau of Prisons, the defendant shall serve the time remaining on his prison sentence as a special term of supervised release, to be followed by the originally ordered term of supervised release, both of which will be served with the standard conditions of supervised release and the following special conditions:

1) The defendant must participate in the following location monitoring program condition(s) and abide by its requirements as the probation officer instructs for a period of 5 years:

    - Home Incarceration. Defendant is restricted to a 24-hour-a-day lockdown at the residence of Carlotta Miller, except for medical necessities, court appearances, or other activities specifically approved by the court or the probation officer.

    - Address Update. If Carlotta Miller intends to change residence from the address on file with the U.S. Probation Office, Defendant must advise the U.S. Probation Office in advance.

    - Third Party Custodian. Defendant must be accompanied outside his residence to medical necessities, court appearances, or other activities approved by the court.

        The designated third-party custodian is Carlotta Miller or another custodian approved by the U.S. Probation Office.

2)    The defendant must submit to the form of location monitoring indicated below and abide by all of the technology and program requirements for a period of 5 years. Defendant must pay all or part of the costs of participation in the location monitoring program as directed by the probation officer.

- Global Positioning Satellite (GPS) Monitoring.

3)    The defendant must submit to drug/alcohol testing, under a copayment plan, as directed by the U.S. Probation Office.

4)    The defendant must participate in and successfully complete a mental-health evaluation and/or treatment program, under a copayment plan, as directed by the U.S. Probation Office, take any mental-health medications as prescribed, and not possess or consume alcohol, nor frequent businesses where alcohol is the chief item of order, during the course of treatment or medication.

5)    The defendant shall not commit any federal, state, or local crime and, as a convicted felon, shall be prohibited from possessing a firearm or ammunition. In addition, the defendant shall not illegally possess a controlled substance and shall comply with the standard conditions of supervision as adopted by this Court.

Signed January 13, 2021.

                              BY THE COURT

                              _____
                              David Barlow
                              United States District Judge